IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| DC CONCERT PRODUCTIONS, INC.<br>2 Professional Drive, Suite 217<br>Gaithersburg, MD 20879 | *<br><br>* | CASE NO.: 1:12-cv-887 |
| Plaintiff | * | |
| v. | * | |
| GREENBRIER HOTEL CORPORATION<br>300 West Main Street<br>White Sulphur Springs, West Virginia 24986 | *<br><br>* | |
| Defendant | * | |
| Serve On: | * | |
| Stephen W. Ball, Esquire<br>106 Lockheed Dr.<br>Beaver, WV 25813 | *<br><br>* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff DC Concert Productions, Inc. ("DC Concert"), by its undersigned counsel, brings this Complaint against Defendant, Greenbrier Hotel Corporation ("Greenbrier"), and in support thereof pleads and alleges as follows:

### I.
### NATURE OF THE ACTION

1. This is a breach of contract action.

## II.
## THE PARTIES

2.     DC Concert is a Maryland corporation. It has its principal place of business at 2 Professional Drive, Suite 217, Gaithersburg, Maryland 20879. DC Concert is in the business of organizing and producing performance events.

3.     Greenbrier is a West Virginia corporation with its principal address at 300 West Main Street, White Sulphur Springs, West Virginia 24986. Its nearly 7000-acre property is home to a sprawling luxury resort, spa, and casino. The Greenbrier hosts numerous sporting and entertainment events, including The Greenbrier Classic Concert Series (the "Concert Series"), an annual series of musical productions showcasing international recording artists and bands like Tim McGraw, Black Eyed Peas, and Miranda Lambert, to name a few. Greenbrier regularly advertises and solicits business in its neighboring state of Maryland, including through various print advertising and its interactive website (www.greenbrier.com) through which it solicits and accepts customer hotel and event reservations and payment. In 2010, Greenbrier was featured in Baltimore's *Style Magazine* and regularly advertises in *Baltimore* magazine. Greenbrier enjoys substantial financial benefit from its contact with customers within the state of Maryland. Greenbrier also regularly engages in business in the state of Maryland in the form of, for example, contracting for services with entities and vendors located in Maryland. In these and other ways, Greenbrier engages in systematic and continuous commercial contact with Maryland and avails itself of the privileges, benefits and protections of its laws.

## III.
## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     Venue is properly situated in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), as the contract on which this action is based was entered in this judicial district, and DC Concert resides here and therefore experienced, and continues to experience, the harm resulting from Greenbrier's material breach of contract in this judicial district. Alternatively, venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(3) and § 1391(c) because Greenbrier is subject to personal jurisdiction within this judicial district as demonstrated by the facts averred in Paragraph 3, above, which are incorporated herein.

## IV.
## STATEMENT OF PERTINENT FACTS

6.     The parties entered three Production Agreements dated November 22, 2010, November 28, 2010, and May 7, 2011, pursuant to which, *inter alia*, Greenbrier engaged DC Concert to organize and produce the music concerts of (1) Tim McGraw and Luke Bryan; (2) Keith Urban and Miranda Lambert; and (3) Black Eyed Peas, respectively, at Greenbrier's 2011 Concert Series held over several days in July 2011.

7.     Each of the Production Agreements contains a provision titled "EXCLUSIVE ENGAGEMENT FOR FUTURE EVENTS", pursuant to which, in consideration for DC Concert's services and discounted fees, Greenbrier engaged DC Concert as Greenbrier's "exclusive organizer and producer for all future performance events in connection with the PGA Greenbrier Classic (the 'Greenbrier Classic Concert Series') through the year 2015." This

provision also entitled Greenbrier to terminate DC Concert's engagement by "written notice of cancellation within thirty (30) days of the Event Date", as defined by the operable Production Agreement.

8. Each of the Production Agreements provides that Greenbrier shall pay DC Concert ten percent (10%) of the performance fee paid to the musical artist, plus lodging and meal expenses reasonably incurred by DC Concert in connection with the services performed under the Production Agreements. By way of illustration, Greenbrier paid the musical artists who performed in connection with the 2011 Concert Series a total amount of $3,450,000 in fees, and paid DC Concert $345,000 in fees (i.e., ten percent).

9. Each of the Production Agreements further states that it is "made and shall be construed and enforced under the laws of the State of Maryland without giving effect to its conflict of laws principles."

10. Greenbrier never expressed dissatisfaction with DC Concert's performance under any of the Production Agreements and did not provide written notice of termination of any of the Production Agreements or DC Concert's exclusive engagement within thirty (30) days of the Event Dates.

11. Greenbrier materially breached the Production Agreements by, upon information and belief, engaging another concert organizer and producer for the 2012 Concert Series despite Greenbrier's agreement and obligation to use DC Concert as its exclusive concert organizer and producer for all Concert Series performances through 2015. Greenbrier's website and press release announce that the "musical line-up for the 2012 Greenbrier Classic Concert Series is ... Toby Keith... Rod Stewart with special guest Lionel Richie ... [and] Bon Jovi." Greenbrier did not at any time utilize, involve or otherwise communicate with DC Concert in connection with

any of these productions nor has Greenbrier paid DC Concert any fees for such productions, despite DC Concert's written demand that Greenbrier fulfill its contractual obligations to DC Concert.

12. DC Concert performed all of its obligations and discharged all of its duties under the Production Agreements and remains capable and willing to serve as the exclusive organizer and producer for all performance events in connection with the Concert Series through the year 2015.

13. As a direct and proximate result of Greenbrier's breach of the Production Agreements, DC Concert has suffered, and will continue to suffer, substantial monetary and related business damages, including, without limitation, ten percent (10%) of the fees paid to musical artists at the Concert Series through 2015.

## COUNT I
## Breach of Contract

14. DC Concert repeats and realleges each of the allegations contained in paragraphs 1 through 13, as if fully set forth herein.

15. The parties entered three enforceable and valid contracts, each titled Production Agreement, dated November 22, 2010, November 28, 2010, and May 7, 2011.

16. Greenbrier materially breached the Production Agreements by failing to allow DC Concert to act as the "exclusive organizer and producer for all future performance events in connection with the [Concert Series] through the year 2015," by, upon information and belief, engaging and using the services of another concert organizer and producer for the 2012 Concert Series, and by failing to pay DC Concert any fee in connection with the 2012 Concert Series, despite the fact that Greenbrier failed to terminate the Production Agreements or DC Concert's exclusive engagement in accordance with the terms of the agreements.

17. DC Concert fulfilled all of its duties and obligations under the Production Agreements.

18. As a direct and proximate cause of Greenbrier's material breach of contract, DC Concert has suffered, and will continue to suffer, substantial economic and related business harm and damages.

WHEREFORE, DC Concert Productions, Inc. respectfully requests that this Court enter judgment in its favor and against Greenbrier Hotel Corporation in an amount to be proved at trial, plus court costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 22, 2012

/s/ James B. Astrachan
James B. Astrachan, Bar No. 03566
jastrachan@agtlawyers.com

/s/ Julie R. Rubin
Julie R. Rubin, Bar No. 25632
jrubin@agtlawyers.com

/s/ Christopher J. Lyon
Christopher J. Lyon, Bar No. 27443
clyon@agtlawyers.com

ASTRACHAN GUNST THOMAS RUBIN, P.C.
217 E. Redwood Street
Suite 2100
Baltimore, MD  21202

410.783.3550 telephone
410.783.3530 facsimile

Attorneys for Plaintiff