IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| DC CONCERT PRODUCTIONS, INC., | * | |
| Plaintiff and Counterclaim Defendant, | * | |
| v. | * | Civil Action No.: 8:12-cv-887-PJM |
| GREENBRIER HOTEL CORPORATION | * | |
| Defendant and Counterclaim Plaintiff. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT AND COUNTERCLAIM PLAINTIFF GREENBRIER HOTEL
CORPORATIONS' ANSWER TO COMPLAINT, AFFIRMATIVE
AND OTHER DEFENSES, AND COUNTERCLAIM**

Defendant and Counterclaim Plaintiff Greenbrier Hotel Corporation ("The Greenbrier"), by counsel, for its Answer to the Complaint filed against it by plaintiff DC Concert Productions, Inc. ("DC Concerts"), states as follows:

**I.
NATURE OF THE ACTION**

1. The Greenbrier admits the allegations in paragraph 1 of the Complaint to the extent they allege that the Complaint purports to be as alleged. To the extent any or all of said allegations allege and/or infer any liability or fault against The Greenbrier, said allegations and/or inferences are specifically denied.

**II.
THE PARTIES**

2. Upon information and belief, The Greenbrier admits the allegations in paragraph 2 of the Complaint.

3. The Greenbrier admits the allegations in paragraph 3 of the Complaint to the extent they allege that The Greenbrier "is a West Virginia corporation with its principal address

at 300 West Main Street, White Sulphur Springs, West Virginia 24986," is home to a nearly 7000-acre luxury resort, spa, and casino, "hosts numerous sporting and entertainment events, including the Greenbrier Classic Concert Series," and "regularly advertises and solicits business . . . through various print advertisements and its interactive website (www.greenbrier.com) through which it solicits and accepts customer hotel and event reservations and payments." The Greenbrier further admits the allegations in paragraph 3 of the Complaint to the extent they allege that in 2010 The Greenbrier was "featured in Baltimore's *Style Magazine*" and has advertised in *Baltimore* magazine. The Greenbrier specifically denies the allegations in paragraph 3 of the Complaint to the extent they allege that it "enjoys substantial benefit from its contact with customers within the state of Maryland[,] . . . regularly engages in business in the state of Maryland in the form of, for example, contracting for services with entities and vendors located in Maryland[,]" and "engages in systematic and continuous commercial contact with Maryland and avails itself of the privileges, benefits and protections of its laws." Further, The Greenbrier denies the remaining allegations in paragraph 3 of the Complaint.

### III.
### JURISDICTION AND VENUE

4. The Greenbrier admits the allegations in paragraph 4 of the Complaint to the extent they state the basis on which DC Concerts alleges that jurisdiction is proper. Defendants deny the allegations in paragraph 4 of the Complaint to the extent they allege that DC Concerts has any basis to bring this action.

5. The Greenbrier denies the allegations in paragraph 5 of the Complaint.

## IV.
## STATEMENT OF PERTINENT FACTS

6. The Greenbrier admits the allegations in paragraph 6 of the Complaint to the extent that DC Concerts has accurately quoted the Production Agreements. To the extent any or all of said allegations allege and/or infer any liability or fault against The Greenbrier, said allegations and/or inferences are specifically denied.

7. The Greenbrier admits the allegations in paragraph 7 of the Complaint to the extent that DC Concerts has accurately quoted the Production Agreements. To the extent the allegations in paragraph 7 of the Complaint are attempting to interpret the terms of the Production Agreements, The Greenbrier states that the Production Agreements speak for themselves. Further, to the extent any or all of said allegations allege and/or infer any liability or fault against The Greenbrier, said allegations and/or inferences are specifically denied.

8. The Greenbrier admits the allegations in paragraph 8 of the Complaint to the extent that DC Concerts has accurately quoted the Production Agreements. To the extent any or all of said allegations allege and/or infer any liability or fault against The Greenbrier, said allegations and/or inferences are specifically denied.

9. The Greenbrier admits the allegations in paragraph 9 of the Complaint to the extent that DC Concerts has accurately quoted the Production Agreements. To the extent any or all of said allegations allege and/or infer any liability or fault against The Greenbrier, said allegations and/or inferences are specifically denied.

10. The Greenbrier denies the allegations in paragraph 10 of the Complaint.

11. The Greenbrier denies the allegations in paragraph 11 of the Complaint.

12. The Greenbrier denies the allegations in paragraph 12 of the Complaint.

13. The Greenbrier denies the allegations in paragraph 13 of the Complaint.

## COUNT I
## BREACH OF CONTRACT

14. In response to the allegations in paragraph 14 of the Complaint, The Greenbrier incorporates its responses in paragraphs 1 through 13 as if fully set forth herein.

15. The Greenbrier admits the allegations in paragraph 15 of the Complaint.

16. The Greenbrier denies the allegations in paragraph 16 of the Complaint.

17. The Greenbrier denies the allegations in paragraph 17 of the Complaint.

18. The Greenbrier denies the allegations in paragraph 18 of the Complaint.

19. The Greenbrier denies each and every allegation of the Complaint not expressly admitted herein.

20. The Greenbrier denies that DC Concerts is entitled any relief requested in the *ad damnum* clause of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Having fully answered the allegations in DC Concerts' Complaint, The Greenbrier asserts the following affirmative and other defenses:

1. The Complaint fails to state a claim against The Greenbrier upon which relief can be granted, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Venue in the United States District Court for the District of Maryland is improper and this case should be transferred to the United States District Court for the District of Southern District of West Virginia.

3. The Greenbrier did not breach any contractual obligations, implied or express, to Plaintiff.

4. DC Concerts' claims, in whole or in part, are barred by the doctrine of estoppel.

5.  DC Concerts' claims are subject to offset.

6.  DC Concerts failed to take reasonable action to mitigate or minimize their damages.

7.  DC Concerts materially breached the Production Agreements.

**WHEREFORE**, The Greenbrier, having answered the Complaint filed against it in this matter, respectfully demands that this action be dismissed, and that it be awarded its costs and such other and further relief as this Court may deem just and appropriate.

## COUNTERCLAIM

Having fully responded to the Complaint filed by plaintiff DC Concert Productions, Inc. ("DC Concerts"), defendant Greenbrier Hotel Corporation ("The Greenbrier") asserts the following Counterclaim against Plaintiff:

1.  The parties entered into three Production Agreements dated November 22, 2010, November 28, 2010, and May 7, 2011 ("Production Agreements") for DC Concerts to organize and produce music concerts to take place on the grounds of The Greenbrier's property located in White Sulphur Springs, West Virginia during the Greenbrier Classic golf tournament in July of 2011.

2.  The Production Agreements provided that they would be renewed on a yearly basis for DC Concerts to organize and produce music concerts at the Greenbrier Classic golf tournament in White Sulphur Springs, West Virginia again in 2012, 2013, 2014, and 2015.

3.  However, the Production Agreements also specifically stated The Greenbrier could terminate DC Concerts' engagement by "written notice of cancellation within thirty (30) days" of the completion of the July 2011 music concerts if it had any dissatisfaction with DC Concerts' performance.

5

4. DC Concerts did not fulfill its specific duties and acted in an otherwise unprofessional manner in its performance of the Production Agreements.

5. For example, and without limitation, DC Concerts was responsible for providing an artist ground transportation schedule. DC Concerts never provided an appropriate or adequate artist ground transportation schedule. The Greenbrier had to hire outside vendors to properly facilitate this schedule. DC Concerts was also responsible for providing a "meet and greet" schedule with the artists, but DC Concerts failed to provide an appropriate or adequate schedule. These scheduling issues caused significant delays and damages to The Greenbrier and its reputation.

6. Further, the employees of DC Concerts who worked the backstage area for the event acted in an otherwise unprofessional manner and caused significant damages to The Greenbrier.

7. DC Concerts also failed to adequately assist with promotion and selling of badges for the event in both the primary and secondary markets. This failure led to significant financial and reputational damages to the Greenbrier.

8. DC Concerts admitted its failures and unprofessional conduct in correspondence to The Greenbrier

9. Based on the failures of DC Concerts to adequately perform under the Production Agreements, The Greenbrier timely expressed dissatisfaction with DC Concerts' performance under the Production Agreements and terminated its engagement with DC Concerts' pursuant to the terms of the Production Agreements.

## COUNT I

### (Breach of Contract)

10. The Greenbrier incorporates the allegations contained in paragraphs 1 through 9 of its Counterclaim as if fully set forth herein.

11. The parties entered into the valid and enforceable Production Agreements for DC Concerts to organize and produce music concerts to take place on the grounds of The Greenbrier's property in White Sulphur Springs, West Virginia during the Greenbrier Classic golf tournament in July of 2011.

12. DC Concerts materially breached the Production Agreements by, among other things, failing to provide an appropriate or adequate artist ground transportation schedule, failing to provide an appropriate or adequate meet and greet schedule with the artists, acting in an otherwise unprofessional in its control of the backstage area at the event, and failing to adequately assist with the promotion and selling of badges for the event in both the primary and secondary markets.

13. The Greenbrier fulfilled all of its duties and obligation under the Production Agreements.

14. As a direct and proximate cause of DC Concerts' material breach of the Production Agreements, The Greenbrier has suffered, and will continue to suffer, substantial economic and related business harm and damages.

**WHEREFORE**, The Greenbrier respectfully requests that this Court enter judgment in its favor and against DC Concerts in an amount to be proved at trial, plus court costs and attorneys' fees, and other such and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Michelle Lipkowitz (Bar No. 27188)
Jennifer A. DeRose (Bar No. 28374)
SAUL EWING LLP
500 East Pratt Street
Baltimore, MD 21202
410-332-8930 (phone)
410-332-8191 (facsimile)

Attorneys for Defendant and Counterclaim
Plaintiff, Greenbrier Hotel Corporation