

Jennifer A. DeRose
Phone: (410) 332-8930
Fax: (410) 332-8191
jderose@saul.com
www.saul.com

March 26, 2013

Honorable Peter J. Messitte
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

>  Re: *DC Concert Productions, Inc. v. Greenbrier Hotel Corporation*
>  <u>Case No.: 8:12-cv-00887-PJM</u>

Dear Judge Messitte:

Defendants in this matter, The Greenbrier Corporation ("The Greenbrier") are submitting this letter in response to the letter submitted by Plaintiff DC Concert Productions, Inc. ("DC Concerts") requesting a conference. While The Greenbrier has no objection to participating in a conference on the discovery matters raised by DC Concerts, it has conducted all of the discovery it deems necessary and believes this matter is ready to move forward. As to the discovery issues asserted by DC Concerts, they address minor side issues and are partially of DC Concerts' own making. This matter should proceed.

The timing issues relating to the completion of discovery are largely a function of DC Concerts not taking any depositions in this matter until near the close of discovery. The Greenbrier completed factual discovery months ago. In comparison, DC Concerts did not request a deposition of any individual who works for The Greenbrier until January of this year and only after the parties had already agreed to extend the discovery deadline in this case once. DC Concerts then began demanding dates for the depositions of The Greenbrier's senior executives (including its President and Vice-President) within a fairly short span of time. The names of these senior executives were hardly hidden from DC Concerts, indeed they were well known to the principals of DC Concerts before discovery in this matter commenced. Nonetheless, DC Concerts made no effort to speak to these individuals until discovery had been extended once. While The Greenbrier has been agreeable to extending discovery and working with DC Concerts, the current situation that DC Concerts finds itself in is largely a function of its own delay in conducting discovery and depositions in this matter. In fact, The Greenbrier offered nearly two weeks when DC Concerts could take the deposition of Jeff Kmiec in late March and early April. While these dates were outside the discovery deadline established by this court because of Mr. Kmiec's schedule, The Greenbrier informed DC Concerts that it would not object to the date of the deposition. DC Concerts did not respond to the Greenbrier's offer.

The Greenbrier has objected to the deposition of Jim Justice, President of The Greenbrier. While DC Concerts claims that he is necessary as a senior executive of The Greenbrier, they cannot point to any specific information he would have that is relevant to any critical matter in this case. DC Concerts' suit is a simple matter involving breach of contract based on The Greenbrier's alleged failure to comply with the contractual process for cancelling the agreement between the parties. No individual has testified that Mr. Justice was involved in the communication relating to the termination of the contract between the parties, and The Greenbrier's 30(b) corporate designee has already testified that that was The Greenbrier's intent in sending an August 17, 2011 email that is part of the record. In explaining their alleged need for this deposition, DC Concerts has only pointed to a single brief meeting that Mr. Justice attended well before the events at issue; a meeting that was known to and attended by DC Concerts' principals. DC Concerts attempts to depose him are really more of an effort to harass and annoy The Greenbrier than it is to engage in viable discovery.

As far as the document production issues raised by DC Concerts here, The Greenbrier acknowledges it did supplement its original document production, but The Greenbrier undertook the supplemental production of its own accord. DC Concerts has not identified any critical documents that were produced in the supplemental production, mainly because the supplemental production by The Greenbrier was largely a stack of routine e-mails prepared in the course of business of producing the 2011 Greenbrier Concert Classic Series and have no bearing on any of the critical matters in this suit. There is no need for additional deposition testimony regarding these documents and DC Concerts has not identified any particular need.

Finally, as The Greenbrier has informed DC Concerts, it is not employing Chuck Faunce as a testifying expert in this case. Consequently there is no need for him to be deposed in this matter. *Compare* Fed. R. of Civ. P. 26(b)(4)(A) (permitting the deposition of an Expert who may testify) *with* Fed. R. Civ. P. 29(b)(4)(B) (allowing the deposition of a non-testifying expert only upon a showing of exceptional circumstance). DC Concerts has not alleged, and could not establish, any exceptional circumstance that would justify the taking of Mr. Faunce's deposition when they have been told he will not testify.

While The Greenbrier believes this matter is ready for briefing on dispositive motions, to the extent either party chooses to file them, it would be happy to make itself available for a conference at the Court's discretion.

Very truly yours,

/s/

Jennifer A. DeRose

cc: James B. Astrachan, Esquire
      Christopher J. Lyon, Esquire